Filed 11/5/25  P. v. Vargas CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
|     Plaintiff and Respondent, | E084537 |
| v. | (Super.Ct.No. FWV23004214) |
| VINCENT FREDERICK VARGAS, | OPINION |
|     Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Ingrid Adamson Uhler, Judge.  (Retired Judge of the San Bernardino Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Patrick Dudley, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

A jury found defendant and appellant Vincent Frederick Vargas guilty of carjacking (Pen. Code, § 215, subd. (a), count 1), second degree robbery (Pen. Code,

1

§ 211, count 2), and evading an officer (Veh. Code, § 2800.2, subd. (a), count 3).[1] The court thereafter found true allegations that defendant had suffered a prior serious felony (Pen. Code, § 667, subd. (a)(1)) and prior strike conviction (Pen. Code, §§ 1170.12, subds. (a)-(d) & 667, subds. (b)-(i)).[2] The court sentenced defendant to 15 years of imprisonment.

Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the facts, a statement of the case, and identifying three potentially arguable issues: (1) whether the court erred in determining defendant waived his *Miranda*[3] rights during his postarrest interview; (2) whether the court erred in denying defendant's *Romero*[4] motion; and (3) whether the court improperly imposed five years on the prior serious felony conviction enhancement.

We offered defendant the opportunity to file a personal supplemental brief, which he has not done. We affirm.

---

[1] The jury found defendant not guilty of criminal threats. (Pen. Code, § 422, count 4).

[2] The court also found true two of six aggravating factors alleged by the People.

[3] *Miranda v. Arizona* (1966) 384 U.S. 436.

[4] *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The victim testified that on December 7, 2023, as soon as he finished pumping gas, defendant lunged at him with a gun. Defendant told the victim to give him everything he had, or he would kill the victim. The victim gave defendant his money; defendant grabbed the keys from the victim's hand. Defendant entered the victim's truck and drove away.

An officer testified that he heard dispatch broadcast a call about the robbery and carjacking. They gave a description of the suspect and the license plate of the vehicle. Thereafter, the officer saw a vehicle fitting the description. He attempted to conduct a traffic stop on the vehicle by activating his lights.

The vehicle continued through a red light at an intersection. The officer then put on both his lights and sirens. The vehicle got on the freeway. Three to four other marked patrol units joined him in attempting to pull the vehicle over. Between 20 to 30 minutes into the pursuit, officers requested California Highway Patrol to deploy spike strips.

A total of five attempts to stop the vehicle using spike strips were made; the driver maneuvered around the first four. On the fifth attempt, the vehicle's front wheels were rendered inoperable. The vehicle came to a stop shortly thereafter. The pursuit lasted nearly two hours over the course of about 70 miles from Fontana to Valencia. At the end of the pursuit, the driver, defendant, was arrested.

Defense counsel sought to exclude evidence of defendant's postarrest statements to the officer. In a hearing prior to trial, the officer testified he arrested defendant at the

3

end of the pursuit. He read defendant his *Miranda* rights prior to speaking with him. Defendant was handcuffed during the interview. Most of defendant's answers were coherent. Defendant indicated he understood his rights. Defendant never indicated he did not wish to speak with the officer. Their entire conversation was recorded via the officer's body worn camera.

The People played the video recording of the interview. After the officer Mirandized defendant,[5] defendant said he ran from the officers because he got scared: "I didn't wanna go to jail." He believed that if he stopped for the officers after they activated their lights and sirens, he would be arrested because he took the car.

Defendant told the victim that he was going to take his car. He told the victim to give him the car keys. Defendant agreed that the victim was scared. Defendant repeatedly apologized for taking the victim's car. When the officer asked if he was high, defendant responded, "Something like that."

The court asked the officer, "Did you notice any symptoms of him being under the influence of a controlled substance at the time?" The officer responded, "At that time I did not. I was looking at his mouth, did not see any white coating that you typically see from the meth user, and then while handcuffing him, normally their hands get fidgety and that was not observed."

---

[5] The officer did not ask whether, knowing the rights the officer had read defendant, defendant wanted to waive those rights and speak to the officer.

Defense counsel contended that because defendant exhibited symptoms of intoxication, and the officer failed to expressly ask defendant to waive his right to remain silent, defendant's statements to the officer should be excluded from evidence at trial.

The court ruled, "There's no indication that he was heavily under the influence of any type of controlled substance, he never appeared confused, he answered directly, coherently and in detail. So when I look at the totality of circumstances, I believe that his waiver was implied, but voluntary and [his] statement to law enforcement also under the totality of circumstances was voluntary."

At trial, the People played the video of the officer's interview with defendant. The People also played surveillance video from the gas station, which reflected the robbery.

Prior to sentencing, defense counsel filed points and authorities in support of a request that the court strike defendant's prior strike conviction. Defense counsel contended the near 10-year age of defendant's prior strike conviction and his traumatic upbringing warranted striking the prior strike conviction. The People responded that defendant's criminal history, including convictions for four prior felonies, three prior misdemeanors, and multiple failed opportunities on probation and parole kept him within the purview of the three strikes law.

At the sentencing hearing on August 13, 2024, the court noted, "So in regards to Romero decision and 1385 of the Penal Code, I have to consider the following factors: The defendant's background, the nature of the present offenses, and other individualized considerations." "In review of the defendant's background, he does have a rather

extensive history, during which he failed to comply with his terms and conditions of felony probation, excluding his most recent in 2020."

The court then reviewed defendant's criminal history and history on probation, community release, and parole. "So over a 12-year period, he has six convictions, including the present case, three of which resulted from arrests or convictions involving violence or threat of violence to a very vulnerable class of people: The elderly, the bedridden, and a pregnant girlfriend. [¶] Many attempts have been made to rehabilitate him, including formal grants of probation, state prison commitments."

"As for the nature of the present offense, a mere ten months after completing felony probation, he committed the new offense, during which he used fear to carjack an elderly victim. I am confident that the defendant obviously didn't have a firearm, but he used an object to mimic a firearm and threatened to shoot and kill the victim if he didn't provide him with money and the keys to his truck." The court denied defendant's *Romero* motion.

The court then sentenced defendant to 15 years of imprisonment, consisting of the following: the midterm of five years doubled for the carjacking offense; the midterm of three years on the robbery offense, imposed concurrently; and five years consecutive on the prior serious felony conviction enhancement.[6]

---

[6] Although not requested by defense counsel, the court expressly declined to exercise its discretion to strike the prior serious felony conviction enhancement.

## II. DISCUSSION

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the record for potential error and find no arguable issues.

## III. DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER

Acting P. J.

We concur:

MILLER

J.

MENETREZ

J.